534

# Smith v. Hafer

*A. J. White Hutton* and *Chauncey M. Depuy,* for plaintiff.

*William C. Hazlett* and *Edwin D. Strite, Jr.,* for defendant.

WINGERD, P. J., March 12, 1948.—On November 10, 1947, plaintiff, C. Quinton Smith, instituted an action in trespass against E. C. Hafer, defendant, by filing his complaint, in which he alleged that he was the owner of certain goods and chattels, describing them and setting forth their value, and that defendant, at different times between October 28, 1946, and December 10, 1946, carried them away and converted them to his own use. To this complaint defendant filed preliminary objections on November 29, 1947, on the ground that the complaint was lacking in particularity, in that it did not allege the exact time or times at which defendant took and carried away the goods and did not allege the place or places from which defendant carried away said goods. On December 19, 1947, plaintiff filed an answer to the preliminary objections, amending his statement, "with the consent of the court", so that the times involved were stated between

October 28, 1946, and November 11, 1946, and on or about December 10, 1946, and setting forth the place from which the chattels were removed as the premises of plaintiff in Guilford Township, Franklin County, Pa. On this preliminary answer there was a notice to defendant to plead to it within 20 days from service. Defendant filed a preliminary objection to the answer to preliminary objections on the ground that the amendments were ineffective, not being made in accordance with Rule 1033 of Pa. R. C. P.; that the endorsement to plead was improper as Rule 1017(a) of Pa. R. C. P. does not permit an answer to an answer to preliminary objection and defendant's preliminary objection had not been ruled upon by the court nor had a time been fixed for pleading over, in accordance with Rules 1028(c) and (d) of Pa. R. C. P. and, further, that the amendments did not sufficiently allege the time or times at which it was alleged defendant carried away and converted plaintiff's chattels.

As the amendments were made more than 10 days after filing of the complaint, (rule 1028(c)), and there was no consent of the adverse party or leave of court to amend, the purported amendments contained in the answer to the preliminary objections were of no effect. The notice to plead to the answer to preliminary objections endorsed thereon was ineffective in view of Pa. R. C. P. 1017 and 1028(d). At the argument it was agreed by both parties to file a stipulation that the proposed amendments contained in the answer to the preliminary objections were consented to by defendant and that the court should consider the preliminary objections as if made to the complaint amended as proposed and consented to. A written stipulation to that effect has been filed.

As the place from which chattels were allegedly taken has been stated in the proposed amendment, there is nothing further to be considered in respect to the preliminary objection to this matter. As to the aver-

ment of the time or times when the chattels were allegedly removed from plaintiff's premises by defendant, the amendment proposed states: "At divers times between October 28, 1946, and November 11, 1946, and on or about December 10, 1946. . . ." The present proceeding is an action in trespass in the nature of trover and conversion. The ownership of plaintiff is averred, the goods are described, their value is given and it is alleged defendant unlawfully took and carried them away and converted them to his own use. The allegations as to times are set forth in the proposed amendments. We feel that these allegations of time are sufficiently definite to give defendant all the information he needs to properly file his answer and defend the action. If he did not take away the goods at any time, then the allegations of time are immaterial. If he did remove the goods, it is within his knowledge when he removed them. In actions in the nature of trover and conversion, allegations of the precise time of carrying away the goods is not necessary for plaintiff ordinarily would have no knowledge of the exact time when the goods were carried away, as such carrying away is not ordinarily done openly in the presence of or with the knowledge of the owner. The owner ordinarily knows when the goods were in his possession and when the goods were not there and there may be quite a period between those two times. In view of this and the fact that such times are within defendant's knowledge, if he did remove the goods, plaintiff should not be required to allege particularly any time or times that the goods were carried away by defendant. This seems to be in accord with the decisions of our courts. See George v. Graham, 1 Phila. 69; Marks v. Bennett, 2 Northumb. 270. The times alleged in the instant case are well within the limits of the statute of limitations.

The preliminary objections must be overruled.

Now, March 12, 1948, preliminary objections are overruled and defendant is given 20 days to answer after amendments to the complaint or an amended complaint has been filed, in accordance with the stipulation of the parties, and served upon him. The amendments to the complaint or the amended complaint shall be filed not later than 10 days from the date of this decree, if not already filed.